# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# SOUTHERN DIVISION
# at LONDON

**Civil Action No. 07-35-HRW**

**LISA SMITH,**                                                    **PLAINTIFF,**

**v.**            **MEMORANDUM OPINION AND ORDER**

**MICHAEL J. ASTRUE**
**COMMISSIONER OF SOCIAL SECURITY,**            **DEFENDANT.**

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits and supplemental security income benefits.  The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## II.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed her current application for on July 2, 2002, alleging disability beginning on May 30, 2002, due to back pain, depression and "nerves."  This application  was denied initially, on reconsideration and by Administrative Law

1

Judge decision dated January 26, 2005.  Plaintiff appealed and the Appeals

Council remanded the claim for further consideration on April 27, 2005.

On February 1, 2006, an administrative hearing was conducted by

Administrative Law Judge Joan Lawrence (hereinafter "ALJ"), wherein Plaintiff,

accompanied by counsel, testified.  At the hearing, Dr. James H. Miller, a

vocational expert (hereinafter "VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the

following five-step sequential analysis in order to determine whether the Plaintiff

was disabled:

Step 1:  If the claimant is performing substantial gainful work, he is not disabled.

Step 2:  If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).

Step 3:  If the claimant is not performing substantial gainful work and has a severe  impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.

Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.

Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant

2

numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

On April 25, 2006, the ALJ issued his decision finding that Plaintiff was not disabled. Plaintiff was 36 years old at the time of the hearing decision. She has a limited education and her past relevant work experience includes work as a bank courier, pie factory worker, sewing machine operator and telemarketer.

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability. The ALJ then determined, at Step 2, that Plaintiff suffered from a combination of impairments, which she found to be "severe" within the meaning of the Regulations. At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments. The ALJ further found that Plaintiff could return to her past relevant work. The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE. Accordingly, the ALJ found Plaintiff not to be disabled at Step 4 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on January 18, 2007.

Plaintiff thereafter filed this civil action seeking a reversal of the

3

Commissioner's decision.  Both parties have filed Motions for Summary Judgment [Docket Nos. 10 and 11] and this matter is ripe for decision.

## III.  ANALYSIS

### A.    Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence.  "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight.  *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).   If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm.  *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983).  "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility."  *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988).  Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

4

### B.    Plaintiff's Contentions on Appeal

Plaintiff contends that the ALJ's finding of no disability is erroneous because: (1) the ALJ improperly discounted the opinion of her treating physician, Dr. Ray Hayes and (2) the ALJ disregarded the opinion of the consultative psychological examiner, Dr. Kenneth Starkey.

### C.    Analysis of Contentions on Appeal

Plaintiff's first claim of error is that the ALJ improperly discounted the opinion of her treating physician, Dr. Ray Hayes.

In order to be given controlling weight, the opinions of a treating source on issues involving the nature and severity of a claimant's impairments must be well supported by medically acceptable clinical and laboratory diagnostic techniques, and be consistent with other substantial evidence in the case record. 20 C.F.R. § 416.927(d)(2).   Such opinions receive great weight only if they are supported by sufficient medical data. *Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985).

In this case, the ALJ rejected Dr. Hayes' assessments of April 2004 (Tr. 251-254) and January 2006 (Tr. 446-450) in which he opined that Plaintiff could perform less than sedentary work and was disabled.   First,  there is a gap in Dr. Hayes' treatment of Plaintiff, from June 2003 through April 2004, when he completed his first assessment.   Also, Dr. Hayes' 2004 opinion is inconsistent

with his own treatment records which, as the ALF noted, reflect relatively "benign" physical findings with the exception for sporadic range of motion deficits. These findings do not support an opinion of functional disability. As for Day Hayes' 2006 assessment, it too lacks support in Dr. Hayes' treatment notes.

Given the lack of supporting medical data, the Court finds no error in the ALJ's rejection of Dr. Hayes' opinions.

Plaintiff's second claim of error is that the ALJ disregarded the opinion of the consultative psychological examiner, Dr. Kenneth Starkey. The Court disagrees. The ALJ did not "disregard" Dr. Starkey's findings; to the contrary, she discussed them at length, setting forth the portions of Dr. Starkey's opinion she accepted as well as those portions she did not accept (Tr. 25-26). Ultimately, the ALJ declined to give Dr. Starkey's opinion great weight as he examined Plaintiff on only one occasion. The Court finds no error in this assessment. Moreover, Dr. Starkey's opinion is not entirely consistent with the other medical evidence of record.

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's

6

Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion

for Summary Judgment be **SUSTAINED**.  A judgment in favor of the Defendant

will be entered contemporaneously herewith.

This _15_ day of October, 2007.


_____

Henry R. Wilhoit, Jr., Senior Judge

7